**Affirmed and Majority and Dissenting Opinions filed March 29, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00148-CV

## ROBERTO ALONZO AND NEW PRIME, INC., Appellants

## V.

## CHRISTINE JOHN AND CHRISTOPHER LEWIS, Appellees

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-44841**

## DISSENTING OPINION

I agree with the majority's resolution of all issues except the sufficiency challenges to the jury's award of $300,000 to Christopher Lewis for mental anguish. I would hold that the evidence is legally insufficient. Because the majority does not, I respectfully dissent.

* * *

The majority distracts from the lack of evidence related to Lewis's mental anguish by focusing on evidence of (1) John's pain and mental anguish and (2) Lewis's past physical pain. Neither of these exercises is permissible.

We must evaluate the mental anguish of each plaintiff separately. *See Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 231–33 (Tex. 2011) (analyzing evidence of mental anguish separately for daughters of a decedent and a widow who alleged mishandling of corpse). And, evidence of Lewis's physical pain is "not relevant to the jury's award of mental anguish" damages because the jury provided separate awards for physical pain and mental anguish. *See Katy Springs & Mfg., Inc. v. Favalora*, 476 S.W.3d 579, 595–96 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

"Generally, an award of mental anguish damages must be supported by direct evidence that the nature, duration, and severity of mental anguish was sufficient to cause, and caused, either a substantial disruption in the plaintiff's daily routine or a high degree of mental pain and distress." *Guerra*, 348 S.W.3d at 231. There must be an evidentiary basis for the amount of mental anguish damages; a jury cannot simply pick a number and put it in the blank. *Critical Path Res., Inc. v. Cuevas*, 561 S.W.3d 523, 562 (Tex. App.—Houston [14th Dist.] 2018, pet. granted, judgm't vacated w.r.m.).

Just because Lewis's daily routine might have changed—sometimes sleeping in a separate bed from John—does not mean that his mental anguish "caused . . . a substantial disruption" in his daily routine. Lewis testified that they sleep in separate beds to avoid John having a pain episode, not because of Lewis's own mental condition.

2

A single medical-assessment form, completed two weeks after the accident, that states his "pain" caused him to be more depressed, tense, or anxious, does not establish the "nature, duration, and severity" of mental anguish to justify the jury's $300,000 award. *See Guerra*, 348 S.W.3d at 232 ("[G]eneralized, conclusory descriptions of how an event affected a person are insufficient evidence on which to base mental anguish damages"; holding there was insufficient evidence when there was evidence the plaintiff was "devastated" and had lots of sleepless nights, and it was the "hardest thing" she had gone through in her life). Testimony that John's condition "affects our intimacy" or causes difficulty being "passionate and affectionate" is similarly vague and not direct evidence of the nature, duration, and severity of mental anguish. The pre-printed form indicates that Lewis's "pain" interfered with his daily routine. But evidence that pain disrupted Lewis's daily routine for some indeterminable amount of time is not evidence to support the jury's $300,000 award for mental anguish damages when the jury awarded separate amounts for physical pain and mental anguish.

In sum, there is no direct evidence that any mental anguish caused a substantial disruption in Lewis's daily routine or a high degree of mental pain and distress. I would modify the trial court's judgment to reduce the damages awarded to Lewis by $300,000 and affirm the judgment as modified.

/s/     Ken Wise
        Justice

Panel consists of Justices Wise, Bourliot, and Zimmerer. (Zimmerer, J., majority).

3